IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NORTHERN DISTRICT OF TEXAS
FILED
FEB 2 4 2015
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| HODA SAMUEL, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 4:14-CV-989-A |
| | § |
| UNITED STATES OF AMERICA, | § |
| ET AL., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
and
ORDER

Now before the court is the complaint filed in the above-captioned action by plaintiff, Hoda Samuel, naming as defendants United States of America, Phil Ferrari ("Ferrari"), and Michelle Price ("Price"). Plaintiff indicated that the complaint "is a claim against the United States of America due to the negligence of two of its agents." Compl. at 1. It thus appears plaintiff is attempting to assert claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680.

I.

Initial Screening of Plaintiff's Complaint

As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether she is proceeding in

forma pauperis. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

Additionally, because federal courts have limited jurisdiction, this court has the "responsibility to consider the question of subject matter jurisdiction sua sponte . . . and to dismiss any action if such jurisdiction is lacking." Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1297 (5th Cir. 1985) (per curiam). Having thoroughly reviewed plaintiff's complaint, the court is satisfied that plaintiff has failed to establish the court's subject matter jurisdiction over this action, and it must be dismissed.

II.

Plaintiff's Complaint

Plaintiff is presently incarcerated at Federal Medical Center--Fort Worth. In her complaint, which is titled "Motion for Damages," plaintiff alleged that on December 13, 2011, at the United States District Courthouse in Sacramento, California, "the defen[d]ants intentionally and with malice slammed the doors to open on the plaintiff and caused substantial injuries." Compl. at 1. Plaintiff suffered "internal bruises and bleeding" as a result of a broken femur. Id.

On April 7, 2013, plaintiff was admitted to Kaiser Hospital, and surgery was performed on April 8, 2013, by a Dr. Hillara. Upon discharge from the hospital, plaintiff was transferred to a rehabilitation facility. When plaintiff continued to have difficulty walking, it was discovered that the injured leg was slightly shorter than the non-injured one. Another physician, Dr. Manske, who was a professor of orthopedics and a surgeon at Kaiser Permanente, "certified" that plaintiff required "corrective surgery" to gain mobility. Id. Dr. Manske also recommended that plaintiff receive a total hip replacement as well as removal and replacement of the rod and pins. To speed up scheduling of the surgery, Dr. Manske offered to have Dr. Hillara perform the corrective surgery, to which plaintiff agreed. The

3

surgery was scheduled for August 19, 2013; however, due to an infection found in the preoperative tests, Dr. Hillara prescribed antibiotics and postponed the surgery until the infection cleared. Although plaintiff asked Dr. Hillara to proceed with the surgery, the doctor refused.

Plaintiff attempted to have her self-surrender date delayed. However, the district court refused. Plaintiff petitioned the United States Court of Appeals for the Ninth Circuit to delay her self-surrender date so that she could have the surgery as scheduled by Dr. Manske. That court granted a stay of up to thirty days to allow the district court to hold an evidentiary hearing on the issue. A hearing was held, at which Dr. Manske testified. The complaint does not indicate the outcome of the hearing.

Plaintiff now claims that as a result of her injuries, she sustained "consequential and special damages." Id. at 2. Plaintiff seeks medical expenses, pain and suffering, and "corrective medical action." Id.

III.

Analysis

A. Law Pertinent to FTCA Claims

The United States is immune from suit, except to the extent that it has waived such sovereign immunity. FDIC v. Myers, 510

4

U.S. 471, 475 (1994). The FTCA is a limited waiver of sovereign immunity. Subject to specified exceptions, the FTCA

> gives federal district courts jurisdiction over claims against the United States for money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Sheridan v. United States, 487 U.S. 392, 398 (1988) (quoting 28 U.S.C. § 1346(b)).

As an initial matter, "[a]ll suits brought under the FTCA must be brought against the United States." Atorie Air, Inc. v. Fed. Aviation Admin., 942 F.2d 954, 957 (5th Cir. 1991). United States is the only proper defendant in a claim pursuant to the FTCA. Id. Hence, plaintiff cannot assert claims against either Ferrari or Price under the FTCA.

Nor does it appear that plaintiff has alleged facts to state a claim against Ferrari or Price pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). Whereas the FTCA provides a means to sue United States under limited circumstances for redress of certain wrongs, Bivens provides a means to recover damages against an individual government employee for violation of a constitutional right. Carlson v. Green, 446 U.S. 14, 18 (1980). The limited facts alleged in the

5

complaint do not suggest any action by Ferrari or Price that could be construed as violating plaintiff's constitutional rights. The allegations, at most, suggest that any claim plaintiff may have against Ferrari and Price would arise under California state, rather than federal, law. Accordingly, plaintiff's claims against Ferrari and Price are dismissed.

B.  Limitations Bars Plaintiff's FTCA Claim

The FTCA requires a claimant to file his or her claim with the appropriate federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b) (providing that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"); id. at § 2675(a) (providing that "[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied"). If the claim is denied, the party must initiate suit within six months of the date of such denial. Id. at § 2401(b); see also Ramming v. United States, 281 F.3d 158, 162 (5th Cir. 2001).

The FTCA's limitations period is jurisdictional; a claimant must meet both filing deadlines to proceed on an FTCA claim. In re FEMA Trailer Formaldehyde Products Liab. Litig., 646 F.3d 185,

6

189 (5th Cir. 2011); Ramming, 281 F.3d at 162. A plaintiff's failure to present an administrative claim to the appropriate agency is thus a defect that deprives the district court of subject matter jurisdiction over the case. Gregory v. Mitchell, 634 F.2d 199, 203-204 (5th Cir. 1981) (citation omitted). The requirement to file an administrative claim prior to filing suit can neither be waived nor cured by administrative exhaustion after suit has been filed. Price v. United States, 69 F.3d 46, 54 (5th Cir. 1995).

Here, plaintiff has attached to her complaint a copy of a form titled "Claim for Damage, Injury, or Death," that appears to be a form used for filing claims with a federal agency to initiate the administrative procedures required by the FTCA. The form is dated December 11, 2013, exactly two years after the date of plaintiff's alleged injury at the courthouse. However, nothing in the record indicates that plaintiff submitted the form to, or that it was received by, any federal agency, or that she received a denial or any other response from such agency.[1] Nor

---

[1] The court doubts whether the Form 95 attached to the complaint would satisfy the FTCA's jurisdictional requirements. Plaintiff's administrative claim must provide the federal agency with sufficient facts to allow investigation of her claims. Cook v. United States ex rel. United States Dep't of Labor, 978 F.2d 164, 166 (5th Cir. 1992) (per curiam). Plaintiff's Form 95 does not contain sufficient details about the alleged incident to apprise anyone about what happened. For example, it does not indicate where the alleged incident took place, who was involved, or the specific events that purportedly caused plaintiff's injury. Also raising doubt about whether the form was submitted is that in the blank to identify the appropriate agency for submission of the form, plaintiff indicated "Federal Building."

is there anything in the record to show that plaintiff complied with the requirements for timely initiating this action following denial of her claim. Plaintiff has thus failed to establish that she has complied with all of the FTCA's jurisdictional requirements prior to initiating this action.

It is incumbent upon plaintiff to prove that the court has subject matter jurisdiction over this action. Plaintiff has failed to make the required showing. Accordingly, this action must be dismissed for lack of subject matter jurisdiction.

IV.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff, Hoda Samuel, against defendants, United States of America, Ferrari, and Price, in the above-captioned action be, and are hereby, dismissed for lack of subject matter jurisdiction.

SIGNED February 24, 2015.

JOHN McBRYDE
United States District Judge